IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 7:20-cv-00091 |
| AZTECA TANK MANUFACTURING, INC., formerly doing business as AZTECA FABRICATION INC., CAZA OPERATING, LLC, CAZA PETROLEUM MANAGEMENT, LLC, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. B0702CM303220K, as subrogees of LIBERTY OILFIELD SERVICES, INC., | § § § § § § § § § § § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), and files this, its Original Complaint, complaining of Defendants, Azteca Tank Manufacturing, Inc., formerly doing business as Azteca Fabrication Inc. ("Azteca"), Caza Operating, LLC, Caza Petroleum Management, LLC, and Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0702CM303220K as subrogees of Liberty Oilfield Services, Inc. ("Lloyd's"), and seeking, pursuant to the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202, a declaration of the rights and obligations of the interested parties under an insurance policy, which includes the determination of the duty to defend and indemnify, and would respectfully show unto this Court as follows:

# I.
# PARTIES

1.      Plaintiff, State Farm, is a corporation organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois.

2.      Defendant, Azteca, is a corporation organized under the laws of the State of Texas with its principal place of business in Monahans, Texas, and may be served with process through its registered agent, Tommy L. Moore, at 206 N. Sophie, Monahans, Texas 79756.

3.      Defendant, Caza Operating, LLC, is a Texas limited liability company with its principal place of business in Midland, Texas, and may be served with process through its registered agent, Richard R. Albro, 200 North Loraine, Suite 1550, Midland, Texas 79701.

4.      Defendant, Caza Petroleum Management, LLC, is a foreign limited liability company, incorporated under the laws of the State of Delaware, with its principal place of business in Midland, Texas, with a mailing address of 200 North Loraine, Suite 1550, Midland, Texas 79701, and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.  (Caza Operating, LLC and Caza Petroleum Management, LLC will be referred to collectively as "Caza".)

5.      Defendant, Lloyds is an unincorporated association of certain persons or entities in the business of underwriting, subscribing to, or issuing policies of insurance, organized and existing by virtue of the laws of the United Kingdom, with a principal place of business in London, England, engaging in the business of insurance in the State of Texas.  This Defendant has not retained a registered agent for service as

required by the Texas Insurance Code. Accordingly, this Defendant may be served with process by service on the commissioner of the Texas Department of Insurance, who should forward a copy of these pleadings to Skierski Jain PLLC, 400 North St. Paul St., Suite 510, Dallas, Texas 75201.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over this declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 as State Farm seeks a declaration of its rights and obligations under the insurance policy at issue. This Court has diversity jurisdiction over this action this under 28 U.S.C. § 1332(a) and (b) because this dispute is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant Caza has its principal place of business in this judicial district and division.

## III.
## FACTUAL BACKGROUND

**A.    The Underlying Litigation**

    **1.    Underlying Facts**

8. The underlying litigation arises from an industrial accident that occurred on September 1, 2017, at an oilfield facility owned by Caza, located in southeastern New Mexico. Azteca employees, Edgar Garcia, Ronald Berkheimer, and James Hernandez were killed when a storage tank at the facility exploded. Apparently, no Caza

employees were on site on the day of the accident. A roustabout crew from Banta Oil Field Services, Inc. ("Banta") was managing and operating the site.

9. Azteca fabricated and installed the tank where the explosion originated. The tank was still under warranty with Azteca and required repair. The tank had a pin-hole leak in a collar between the tank and main pipe that connected the tank with eleven other tanks used to store flammable hydrocarbons. The tank had been emptied but had not been cleaned and still contained some hydrocarbons. As such, the tank had not been cleared for welding or other "hot work."

10. The Azteca crew consisted of two welders, Garcia and Berkheimer, and one all-purpose employee, Hernandez. They drove a Ford F-350 that Azteca owned with welding equipment, which doubled as a generator, permanently attached to its flatbed. The Azteca employees were at the Caza facility either to inspect or to repair the pin-hole leak, although the parties to the underlying litigation dispute this issue. The Banta onsite manager told the Azteca crew the location of the leaking tank. The Banta manager stated that he told the Azteca employees that the tank had not been cleaned and was not ready for hot work.

11. The explosion occurred about two hours after the Azteca crew arrived. Prior to then, witnesses stated that they saw the Azteca employees park the truck near the leaking tank and at least two Azteca employees walking around the tanks. The witnesses generally agree that they heard a "whooshing" sound in the area of the tanks. One witness described this sound as a loud welding torch. Next, witnesses described seeing flames shooting from the subject tank, rapidly followed by an explosion centered on the tank and an ensuring fire that engulfed he area. Before the emergency

responders arrived, the fire compromised two other tanks, which exploded. The explosion killed the three Azteca employees. No other personnel were injured.

12. The authorities inspected the site. Photographs of the scene show cables, consistent with welding, leading from the remains of the Azteca truck to the load line collar. Remains of welding equipment were photographed near the location of the leaking load line collar. Caza specifically alleges in the underlying litigation that there is evidence of new welding being done on the load line collar. The plaintiffs allege the decedents had not been welding.

## 2. Procedural History

13. The estates and families of the three decedents filed three separate lawsuits.[1] The suit with regard to Garcia was consolidated with the suit with regard to

---

[1] The lawsuits were numbered and styled:

(1) Cause No. D-412-CV-2017-00592; *Art Bustos, As Personal Representative of the Estate of Edgar Garcia, and Selena Rodriguez, Individually, and as Next Friend of Ileana Rodriguez and Sophia Garcia v. Caza Petroleum, Inc.*; in the 4th Judicial District Court of San Miguel County, New Mexico, filed on or about September 4, 2017;

(2) Cause No. D-412-CV-2017-00692; *Dave Romero, Jr., As Personal Representative of the Estate of James Lewis Hernandez, Rosa Salazar and Crystal Hernandez v. Caza Petroleum, Inc.*; in the 4th Judicial District Court of San Miguel County, New Mexico, filed on or about October 19, 2017; and

(3) Cause No. D-412-CV-2018-00055; *C. Herman Gallegos, As Personal Representative of the Estate of Ronald W. Berkheimer and Dulcie D. Berkheimer, Individually and as Next Friend of Jacob Berkheimer and Kayleigh Berkheimer, Minors v. Caza Operating, LLC*; in the 4th Judicial District Court of San Miguel County, New Mexico, filed on or about January 29, 2018.

Caza Operating, LLC answered in the suits with regard to Garcia and Hernandez, stating the plaintiffs incorrectly referred to it as Caza Petroleum, Inc., which was converted into Caza Operating, LLC in 2016.

Berkheimer.[2]  The suit with regard to Hernandez was disposed for lack of prosecution.[3] The Hernandez plaintiffs subsequently intervened in the consolidated action with the Garcia and Berkheimer plaintiffs.[4]  The underlying plaintiffs have sued: (1) Caza; (2) Banta; (3) Pemberton Plumbing ("Pemberton"), which the underlying plaintiffs allege performed services on the site as a pumper or well servicer; (4) Scott Winfield, the sole proprietor of Pemberton; (5) Kevin Garret, a production engineer employed by Caza and, the underlying plaintiffs allege, Caza "company man," supervising the site at the time of the explosion; and (6) Insperity PEO Services, L.P., Garret's alleged co-employer.  The underlying plaintiffs allege the underlying defendants' negligence caused or contributed to the explosion that killed the decedents.  Against Caza, the underlying plaintiffs asserted claims for wrongful death, negligence, res ipsa loquitor, negligent selection, negligent retention, negligent supervision, respondeat superior, spoliation of evidence, and breach for nondelegable duty (*i.e.,* liability arising from inherently dangerous activities).  The underlying plaintiffs' claims against the other underlying defendants are similar.  The underlying plaintiffs have not asserted claims against Azteca.

14.   Caza has asserted third-party claims against Banta and Azteca for indemnity and contribution for the decedents' claims, including personal injury and wrongful death.  Caza has also asserted a negligence claim against Banta for property

---

[2] The lawsuits with regard to Garcia and Berkheimer were consolidated on or about August 28, 2018, on the parties' stipulated motion, into the cause number assigned to the Berkheimer case.

[3] The suit with regard to Hernandez was disposed for lack of prosecution on or about April 27, 2018.

[4] On or about February 13, 2019, the Hernandez plaintiffs filed a complaint in intervention in the consolidated action with the Garcia and Berkheimer plaintiffs.

damage. Further, Caza has asserted claims against Azteca for property damage related to the alleged negligence of decedents as employees of Azteca and for alleged negligence in the form of products liability for the manufacture and installation of the tank, in addition to breach of warranty.

15. In its answer to Caza's third-party complaint, Azteca asserted the exclusive remedy of the workers compensation statutes as an affirmative defense.

16. In addition, Lloyd's filed a complaint in intervention against Azteca seeking to recover insurance proceeds paid to Liberty Oilfield Services, Inc. ("Liberty") for property damage to piping and vehicles near the site of the explosion.[5]

**B.   The Insurance Policy**

17. State Farm issued Business Car Policy, Policy Number 342 7142-B01-43B to Azteca, with a policy period of August 1, 2017 to August 1, 2018.

18. The policy includes the following exclusions that apply:

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED*:

. . . .

4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S EMPLOYEE*** WHICH ARISES OUT OF THAT ***EMPLOYEE'S*** EMPLOYMENT. This exclusion does not apply to that *insured's* household *employee* who is neither covered, nor required to be covered, under workers' compensation insurance;

5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW ***EMPLOYEE*** WHILE THE FELLOW ***EMPLOYEE*** IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;

6. FOR DAMAGES ARISING OUT OF THE OPERATION, MAINTENANCE, OR USE OF ANY EQUIPMENT THAT IS TOWED BY, MOUNTED ON, OR CARRIED ON ANY VEHICLE. . . .

---

[5] Lloyd's filed its complaint in intervention on or about April 26, 2019.

7. FOR DAMAGES ARISING OUT OF **WORK** AFTER IT IS CONSIDERED COMPLETED. **WORK** IS CONSIDERED COMPLETED:

   a. IF IT HAS BEEN ABANDONED; OR

   b. IF IT HAS NOT BEEN ABANDONED, THEN AT THE EARLIEST OF THE FOLLOWING TIMES:

   (1) WHEN THAT PART OF THE **WORK** DONE AT A JOB SITE HAS BEEN PUT TO ITS INTENDED USE BY ANY **PERSON** OR LEGAL ENTITY OTHER THAN ANOTHER CONTRACTOR OR SUBCONTRACTOR WORKING ON THE SAME PROJECT;

   (2) WHEN ALL OF THE **WORK** TO BE DONE AT THE LOCATION WHERE THE DAMAGES AROSE HAS BEEN FINISHED; OR

   (3) WHEN ALL OF THE **WORK** CALLED FOR IN **YOUR** CONTRACT HAS BEEN FINISHED.

   **WORK** IS CONSIDERED COMPLETED REGARDLESS OF WHETHER ADDITIONAL SERVICING, MAINTENANCE, CORRECTION, REPAIR, OR REPLACEMENT IS REQUIRED;
   . . . .

11. FOR DAMAGES ARISING OUT OF THE:

    a. HANDLING OR USE OF, OR

    b. EXISTENCE OF ANY CONDITION IN OR WARRANTY OF ANY PRODUCT MANUFACTURED, SOLD, OR DISTRIBUTED BY AN INSURED IF THE BODILY INJURY OR DAMAGE TO PROPERTY OCCURS AFTER THE INSURED RELINQUISHES POSSESSION OF THE PRODUCT.

19. In addition, the policy's insuring agreement provides:

**Insuring Agreement**

1. *We* will pay damages an *insured* becomes legally liable to pay because of:

   . . . .

   b. damage to property, including the loss of use of such property caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy**.**

8

## IV.
## REQUEST FOR DECLARATORY JUDGMENT

20. There is no coverage for the underlying litigation pursuant to the foregoing exclusions and insuring agreement in the State Farm policy.

21. Pursuant to Exclusion 6, there is no coverage for the accident and Caza and Lloyd's claims for property damage allegedly caused by the decedents as employees of Azteca. Exclusion 6 excludes coverage "FOR DAMAGES ARISING OUT OF THE OPERATION, MAINTENANCE, OR USE OF ANY EQUIPMENT THAT IS TOWED BY, MOUNTED ON, OR CARRIED ON ANY VEHICLE." Caza alleges the explosion and resulting property damage was caused by the decedents performing welding or other hot work on the tank. Lloyd's alleges that the decedents used a welding lead cable on the truck to weld part of the tank. Caza and Lloyd's claims thus refer to the welding equipment that was "MOUNTED ON, OR CARRIED ON [the] VEHICLE." Exclusion 6 therefore applies to exclude coverage.

22. Exclusions 4 and 5 also operate to exclude coverage. Caza has brought claims against Azteca for indemnity and contribution for the underlying plaintiffs' personal injury and wrongful death claims. In its underlying third-party complaint, Caza alleges that the decedents were employees of Azteca and in the course and scope of their employment when the explosion occurred. Caza's claims are therefore "FOR *BODILY INJURY* TO THAT *INSURED'S EMPLOYEE* WHICH ARISES OUT OF THAT *EMPLOYEE'S* EMPLOYMENT" under Exclusion 4. Caza's claims are thus also "FOR *BODILY INJURY* TO THAT *INSURED'S* FELLOW *EMPLOYEE* WHILE THE FELLOW *EMPLOYEE* IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT" under Exclusion 5. As such, Exclusions 4 and 5 apply to exclude coverage.

23. In addition, Exclusion 7 applies to exclude coverage. At issue in the underlying litigation are the tanks that parties allege Azteca fabricated and installed at Caza's site and thus "COMPLETED REGARDLESS OF WHETHER ADDITIONAL SERVICING, MAINTENANCE, CORRECTION, REPAIR, OR REPLACEMENT IS REQUIRED" under the policy. Exclusion 7 therefore applies to exclude coverage.

24. Further, Exclusion 11 applies to exclude coverage. Caza and Lloyd's allege Azteca manufactured and sold the product at issue, specifically the tank, installed it at Caza, and then returned to service it. Caza allege the tank was under warranty and asserts a claim against Azteca for breach of the warranty. As such, the "DAMAGES ARIS[E] OUT OF THE HANDLING OR USE OF, OR EXISTENCE OF ANY CONDITION IN OR WARRANTY OF ANY PRODUCT MANUFACTURED, SOLD, OR DISTRIBUTED BY AN INSURED." In addition, "THE BODILY INJURY OR DAMAGE TO PROPERTY" is alleged to have "OCCUR[ED] AFTER [Azteca] RELINQUISHE[D] POSSESSION OF THE PRODUCT." Exclusion 11 therefore applies to exclude coverage.

25. There is also no coverage for the underlying litigation pursuant to Paragraph 2.b. of the policy's Insuring Agreement. The accident at issue did not arise and is not alleged to have arisen from the truck covered under the policy, but from the welding equipment mounted on it. There is therefore no coverage for the accident by operation of Paragraph 2.b. of the policy's Insuring Agreement.

26. An actual justiciable controversy exists between State Farm and Azteca regarding Azteca's coverage obligations under the policy. State Farm asserts that losses arising from the underlying litigation are not covered under the policy and that it

has no legal duty to defend or indemnify Azteca against the claims made by Caza and Lloyd's in the underlying litigation. Accordingly, Azteca seeks a determination of the respective rights and liabilities of the parties under the policy.

## V.
## CONCLUSION AND PRAYER

27. State Farm seeks a determination by this Court that the policy State Farm issued to Azteca does provide coverage for Caza and Lloyd's claims in the underlying litigation and that State Farm does not have a duty to defend and indemnify Azteca in the underlying litigation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Farm prays that Defendants Azteca, Caza, and Lloyd's be ordered to appear and answer this Complaint and that upon final hearing and determination thereof, judgment be entered declaring that the policy State Farm issued to Azteca does provide coverage for Caza and Lloyd's claims in the underlying litigation and that State Farm is under no duty to provide a defense or indemnity to Azteca, that State Farm is entitled to judgment for costs and attorney's fees, and that State Farm be granted any and all further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: /s/ Debra Bradberry
    **Debra Bradberry**
    Texas Bar No. 24048362
    dbradberry@germer.com
    **Barbara L. Hachenburg** (*Pro hac vice* forthcoming)
    Texas Bar No. 08667070
    bhachenburg@germer.com
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    (713) 650-1313 – Telephone
    (713) 739-7420 – Facsimile

**ATTORNEYS FOR PLAINTIFF**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**